Judge Owsley
delivered the opinion.
This case turns upon the sufficiency of the second plea of the appellants, wife were defendants in ihe court below, to bar the appellees’ action which was brought upon a sealed writing.
The plea in substance, after setting forth an agreement betwees the defendant, Higgs, ⅜ the plaintiffs, to exchange lands, alleges, that the agreement was entered into under the fraudulent misrepresentations of the plaintiffs, and havr ing discovered the fraud, the defendant, Higgs, applied to the plaintiffs to cancel the agreement, but the plaintiffs refused to do so, unless 'he defendant would pay one hundred dollars; and to procure a caneelment of the agreement, the defendant promised to pay the one hundred dollars; and avers, that the writing, upon which this suit is founded, was executed by the defendant, Higgs, together .with the defendant, Porter, his security, to secure the payment of ooe hundred dollars so agreed to be paid for the can-eelment of the fraudulent agreement, and for no other con-gjdération, i^C.
l his court are una*^e t0 perceive the principle upoa which the eourt below sustained the plea. The plea contains no suggestion of the plaintiffs’ having committed any fraU£^ >n relation to the contract on which the note was ex-ecuied; it barely alleges, that the agreement to exchange *339 Sands was procured through the plaintiffs’ fraud; and that the fraud was known to the defendant before the note was given. Oc the ground of fraud, therefore, the note cannot be avoided. Nor does the plea contain suffici^pt matter to impeach the consideration of the note. It was no doubt competent for the contracting parties to compromise th@ difference which arose between them in relation to the a-greetisent to exchange lands; and such a compromise, in itself, forms a sufficient consideration to support a promise.
As it was in consideration of the compromise made between the parties, therefor?, that the note is alleged to have been given by.the defendants, the plea cannot be admitted to contain sufficient matter to impeach the consideration; and consequently the demurrer of the plaintiffs to that piea, should have been sustained.
Thejudgment must be reversed with cost, the cause remanded and further proceeding had, not inconsistent with this opinion.